FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESPERANZA C,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05132-EFS <br><br> **ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION** |

Before the Court, without oral argument, are cross summary-judgment motions.[2] Plaintiff Esperanza C. appeals the Administrative Law Judge's (ALJ) denial of benefits.[3] Plaintiff argues that the Appeals Council erred by failing to properly consider additional evidence submitted to it. Plaintiff also contends the ALJ: (1) failed to properly analyze Plaintiff's residual functional capacity; (2) improperly evaluated the medical opinion evidence; (3) failed to properly evaluate the physical conditions affecting Plaintiff by failing to look at the record in a "longitudinal" fashion; (4) failed to consider the physical demands of Plaintiff's past

---

[1] To protect the privacy of social-security plaintiffs, the Court refers to them by first name and last initial. *See* LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Plaintiff" for any other identifier that was used.
[2] ECF Nos. 11 & 16.
[3] *See generally* ECF No. 11.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 1

work; (5) failed to meet her step five burden; and (6) failed to consider Plaintiff's subjective complaints. The Court has reviewed the administrative record and the parties' briefing. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

## I. <u>Standard of Review</u>

On review, the Court must uphold the ALJ's determination that Plaintiff is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.[4] Substantial evidence means more than a mere scintilla, but less than a preponderance.[5] It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[6] The Court will also uphold the ALJ's reasonable inferences and conclusions drawn from the record.[7]

In reviewing a denial of benefits, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.[8] That said, the Court may not substitute its judgment for that of the Commissioner.[9] If the evidence supports more than one rational interpretation, a reviewing court must uphold the ALJ's decision.[10] Further, the Court "may not reverse an ALJ's decision on account of an error that is harmless."[11] An error is harmless "where it is inconsequential to the [ALJ's] ultimate

---

[4] *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)).
[5] *Id.* at 1110–11 (citation omitted).
[6] *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.2009)).
[7] *Id.* (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008)).
[8] *Id.; See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).
[9] *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).
[10] *Id.*
[11] *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

nondisability determination."[12] The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.[13]

## II. **Five-Step Disability Determination**

The ALJ uses a five-step sequential evaluation process to determine whether an adult claimant is disabled.[14] The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four.[15] At step five, however, the burden shifts to the Commissioner to show that the claimant is not entitled to benefits.[16]

Step one assesses whether the claimant is currently engaged in a substantial gainful activity.[17] If the claimant is, benefits will be denied.[18] If not, the ALJ proceeds to the second step.[19]

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limit the claimant's physical or mental ability to do basic work activities.[20] If the claimant does not, the disability claim is denied.[21] If the claimant does, the evaluation proceeds to the third step.[22]

Step three compares the claimant's impairment to several recognized by the Commissioner to be so severe as to preclude substantial gainful activity.[23] If the impairment meets or equals one of the listed impairments, the claimant is

---

[12] *Id.* at 1115 (citation omitted).
[13] *Id.* at 1111 citing (*Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).
[14] *See* 20 C.F.R. §§ 404.1520, 416.920.
[15] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).
[16] *Id.*
[17] 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).
[18] 20 C.F.R. §§ 404.1520(b), 416.920(b).
[19] *See id.*
[20] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).
[21] 20 C.F.R. §§ 404.1520(c), 416.920(c).
[22] *See id.*
[23] 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). *See* 404 Subpt. P App. 1.

conclusively presumed to be disabled.[24] If the impairment does not, the evaluation proceeds to the fourth step.[25]

Step four assesses whether the impairment prevents the claimant from performing work he or she has performed in the past by determining the claimant's residual functional capacity (RFC).[26] If the claimant is able to perform his or her previous work, the claimant is not disabled.[27] If the claimant cannot perform this work, the evaluation proceeds to the fifth step.[28]

Step five, the final step, assesses whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience.[29] The Commissioner has the burden to show (1) that the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy" which the claimant can perform.[30] If both of these conditions are met, the disability claim is denied; if not, the claim is granted.[31]

### III. Facts, Procedural History, and the ALJ's Findings

Plaintiff is 59 years old and was born in Mexico.[32] She attended school through the fifth grade before dropping out to begin working.[33] She speaks some English and can read somewhat in English but has little ability to write in English.[34] Her past work is exclusively as a retail cashier.[35]

---

[24] 20 C.F.R. §§ 404.1520(d), 416.920(d).
[25] 20 C.F.R. §§ 404.1520(e), 416.920(e).
[26] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[27] *Id.*
[28] *See id.*
[29] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).
[30] *Kail v. Heckler*, 722 F.2d 1496, 1497–98 (1984); 20 C.F.R. §§ 404.1520(g), 416.920(g).
[31] 20 C.F.R. §§ 404.1520(g), 416.920(g).
[32] Administrative Record ("AR") 61.
[33] ECF No. 11 at 10.
[34] AR 34.
[35] AR 62.

On February 25, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.[36] Plaintiff alleged disability beginning on February 16, 2015.[37] Plaintiff's claims were initially denied and also denied upon reconsideration.[38] Plaintiff requested a hearing before an ALJ, which was held on February 1, 2018.[39] On February 28, 2018 the ALJ rendered a decision denying Plaintiff's claim.[40]

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[41]

At step two, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus, peripheral neuropathy, headaches, cervical and lumbar degenerative disk disease, bilateral sacroiliitis, and obesity.[42] The ALJ also found that Plaintiff's left shoulder rotator cuff impairment was not severe as defined in the Social Security regulations.[43]

At step three, the ALJ found that Plaintiff did not have an impairment that met the severity of a listed impairment.[44]

At step four, the ALJ found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), with the following limitations.[45] The ALJ found she can lift/carry up to 10 pounds frequently and up to 20 pounds occasionally.[46] She can sit about six hours and stand/walk about four hours during a

---

[36] AR 90.
[37] *Id.*
[38] AR 116.
[39] AR 25–46.
[40] AR 25–46.
[41] AR 33.
[42] *Id.*
[43] AR 33–34.
[44] AR 34.
[45] *Id.*
[46] *Id.*

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF - 5

typical eight-hour workday.[47] She can frequently push/pull with her left upper extremity and push/pull unlimitedly with her right upper extremity as stated for lift/carry.[48] She can unlimitedly balance and kneel.[49] She can occasionally climb ramps/stairs and stoop.[50] She can frequently crouch.[51] The claimant can never crawl or climb ladders, ropes or scaffolds.[52] She speaks but cannot read English.[53] She should avoid concentrated exposure to fumes, odors, dusts, gasses, poor ventilation, and vibration.[54] She must avoid all exposure to hazards such as dangerous machinery and unprotected heights.[55]

When determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not consistence with the record.[56] The ALJ also gave some weight to the opinion of Dr. Jack Lebeau, great weight to Dr. James Opara's opinion, and great weight to most of Dr. Gordon Hale's opinion.[57]

Finally, the ALJ found that Plaintiff was able to perform past relevant work as a "Cashier II."[58]

After the ALJ's decision, Plaintiff submitted to the Appeals Council two new medical reports. The first report was from Kadlec Regional Medical Center dated March 6, 2018.[59] The second report was from Dr. Robert Whiston, dated March 2,

---

[47] *Id.*
[48] *Id.*
[49] *Id.*
[50] *Id.*
[51] *Id.*
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] AR 35.
[57] AR 38–39.
[58] AR 32.
[59] AR 18–20.

2018.[60] The Appeals Council concluded that the reports did not "relate to the period at issue" and declined to consider them.[61] The Appeals Council denied Plaintiff's request for review,[62] making the ALJ's decision the final decision for purposes of judicial review.[63] Plaintiff filed this lawsuit on August 8, 2018.[64]

## IV. <u>Applicable Law & Analysis</u>

The Court remands to the ALJ for consideration of the two medical reports submitted to the Appeals Council by Plaintiff. In light of this conclusion, the Court declines to address Plaintiff's remaining assignments of error.

**A. The Appeals Council erred in failing to consider the new medical reports.**

The Appeals Council should have considered the medical reports from Kadlec Regional Medical Center and Dr. Robert Whitson but erroneously concluded that the reports did not "relate to the period at issue." Under agency regulations, the Appeals Council must consider additional evidence that is new, material, and relates to the period on or before the date of the ALJ's decision.[65] The Commissioner does not dispute that the reports were new and are material.[66] The reports also "related to" the time period prior to the ALJ's decision on February 28, 2018 because the reports discuss the same conditions Plaintiff claimed as the bases of her disability and that

---

[60] AR 21–24.
[61] AR 2.
[62] AR 1–4.
[63] 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.
[64] ECF No. 1.
[65] *See* 20 C.F.R. § 404.970(b); *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). *See also Lamp v. Astrue*, 531 F.3d 629, 632–33 (8th Cir. 2008) (remanding where it was not clear from the record whether the Appeals Council had considered plaintiff's additional evidence).
[66] The reports are material because they bear "directly and substantially on the matter in dispute," as they describe the conditions that the ALJ found to be severe. *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting *Booz v. Sec'y of Health Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (citation omitted)).

the ALJ found to be severe impairments.[67] The reports are dated March 2 and 6, 2018—only days after the February 28, 2018 decision. Therefore, the reports must have evaluated Plaintiff's condition on or before February 28, 2018. Otherwise, Plaintiff would have had to developed diabetes, diabetic mellitus, peripheral neuropath, degenerative disc, cervical and lumbar degenerative disc disease, and bilateral sacroiliitis after ALJ's February 28, 2018 decision but before the March 2 and 6, 2018 reports. Thus, the reports were new, material, related to the relevant period, and should have been considered by the Appeals Council.[68]

The Commissioner argues that the ALJ's decision is still supported by substantial evidence even after considering the additional reports, but the Commissioner's reliance on *Brewes v. Commissioner* to support this argument is misplaced.[69] In *Brewes*, the Ninth Circuit held:

> [W]hen the Appeals Council *considers* new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.[70]

Here, the Appeals Council did not consider the reports at all, making this case directly analogous to *Taylor v. Commissioner*. In *Taylor*, the plaintiff submitted medical reports to the Appeals Council that were dated after the relevant time period, but both documents "related to" the relevant period.[71] The Appeals Council did not consider the evidence, either because it was misplaced or because it erroneously concluded that it pertained to a later time period.[72] The Ninth Circuit

---

[67] *Compare* AR 33 (listing severe impairments) *with* AR 18–20 (discussing cervical and lumbar degenerative disc disease) *and* AR 23 (listing diabetes, diabetic neuropath, degenerative disk disease and sacroiliitis as Plaintiff's impairments).
[68] *See* 20 C.F.R. § 404.970(b).
[69] *See* ECF No. 16 at 4–6.
[70] *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (emphasis added).
[71] *Taylor*, 659 F.3d at 1233 (citations omitted).
[72] *Id.* at 1232–33 (noting that the medical reports were not mentioned at all).

remanded to the ALJ because the Appeals Council had erroneously failed to consider two new medical reports.[73] The facts here are directly analogous because the Appeals Council erroneously did not consider the reports, making remand appropriate.

Accordingly, the Court remands the matter to the ALJ for consideration of this evidence.[74] On remand, the ALJ shall account for the reports in the five-step sequential analysis required under 20 C.F.R. § 404.1520(a)(4)(i)–(v).[75] Even if the reports are contradicted by other evidence in the record, as a treating physician, Dr. Whitson's opinion may not be rejected without "specific and legitimate reason . . . supported by substantial evidence in the record."[76]

**B.    The Court declines to determine Plaintiff's remaining assertions of error.**

As the Court finds that remand is appropriate under *Taylor* for the ALJ to consider how the evidence from the new reports could affect each step of the sequential analysis, the Court need not address Plaintiff's remaining assignment of error.[77] The ALJ may wish to reweigh the medical evidence as well as Plaintiff's subjective testimony in light of the ALJ's review of the additional reports.

---

[73] *Id.* at 1233.
[74] District courts have acted in accordance with *Taylor* in similar situations. *See e.g., Crawford v. Colvin*, No. ED CV 15-1436-PLA, 2016 WL 1237342, at *7 (C.D. Cal. Mar. 28, 2016) (concluding that remand was necessary where Appeals council erroneously refused to consider medical report that related to the period in question); *Powell v. Colvin,* No. 6:14–cv–01900–SI, 2016 WL 706199, at *5 (D. Or. Feb. 22, 2016) (finding that remand was appropriate under *Taylor* where the Appeals Council failed to consider a psychological evaluation completed after the ALJ's decision by a physician who opined that the plaintiff's mental limitations existed at the present level dating back to prior to the ALJ's decision); *Mancillas v. Colvin*, No. 5:13–cv–02522–PSG, 2014 WL 2918897, at *4 (N.D. Cal. June 26, 2014) (finding that Appeals Council erred by refusing to consider psychiatric evaluation and medical source statement that post-dated ALJ decision but were based on treatment rendered prior to ALJ decision).
[75] *Taylor*, 659 F.3d at 1233 (citations omitted).
[76] *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).
[77] *See Taylor*, 659 F.3d at 1235.

## V. CONCLUSION AND ORDER

Based on the foregoing, the ALJ's decision is vacated and the case is remanded to the ALJ for further proceedings consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED.**
2. The Commissioner's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.
3. This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).
4. **The Clerk's Office** shall enter **JUDGMENT** in favor of **Plaintiff.**
5. The file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  28th  day of June 2019.

                       s/Edward F. Shea
                       EDWARD F. SHEA
             Senior United States District Judge